IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HUYNH THI SON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-0500-CV-W-ODS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's request for review of the Commissioner's final decision denying her application for benefits under Title XVI of the Social Security Act. Plaintiff was born on June 15, 1959. She is from Cambodia, and has been in the United States since 1998.[1] She does not speak English. In 2003, Plaintiff underwent cardiac surgery to replace one of her heart valves. Following her surgery, Plaintiff continued to experience severe chest pain. She also developed increasing fatigue, shortness of breath, insomnia, headaches, and gastrointestinal reflux disease. The ALJ concluded that Plaintiff could perform her past relevant work as a cloth folder, and therefore found that she was not disabled. Because the Court concludes there is not substantial evidence in the Record to support the decision, the Commissioner's final decision is reversed and the case is remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

The ALJ shall address the following matters on remand:

*1. Additional recommended evaluations*

After an initial hearing, the ALJ ordered an additional consultative examination by

---

[1] Plaintiff is a lawful permanent resident and is authorized to work in the United States.

Dr. Lawrence Cohen. Dr. Cohen reviewed all of Plaintiff's treatment records, which showed that Plaintiff's surgery had gone very well. Dr. Cohen's report frequently discussed his difficulty communicating with Plaintiff because of the language barrier. He states that the only interpreter present is 22-year old man "who knows very little medical terminology and so the history is difficult." After examining Plaintiff, Dr. Cohen concluded that Plaintiff's symptoms were not likely of a cardiac origin. However, he suggested conducting an exercise echo examination to determine Plaintiff's exercise tolerance as well as her blood pressure and rhythm response. He further stated that "[s]he may well have emotional problems of significance but I can not discern this because of the language barrier with communication. A psychiatric evaluation with an appropriate interpreter may be appropriate." R. 323-24.

Plaintiff's medical records do not provide an explanation for her continuing and allegedly disabling symptoms. Dr. Cohen suggested Plaintiff's symptoms may be of a psychological nature. The Medical Expert at the supplemental hearing, Joseph Gaeta, M.D., also opined that Plaintiff's symptoms may be caused by psychological factors, R. 465, 468, yet the ALJ did not order or consider the additional testing recommended by Dr. Cohen. Rather, the ALJ found Plaintiff's testimony regarding the severity of her symptoms to be not fully credible. On remand, the ALJ shall order the further testing recommended by Dr. Cohen, including a psychiatric evaluation of Plaintiff facilitated by an appropriate interpreter.

*2. Determination that Plaintiff can perform her past work*

At Plaintiff's supplemental hearing, Dr. Gaeta testified that Plaintiff is taking the anti-coagulant, Coumadin. Accordingly, Dr. Gaeta stated that Plaintiff cannot do any work where there is a risk she could cut herself because that could lead to severe hemorrhage. R. 462. Plaintiff's past relevant work was classified as a "hand cloth folder," which requires cutting and folding cloth. R. 480. At Plaintiff's supplemental hearing, the ALJ posed a hypothetical question to the Vocational Expert ("VE"), asking the VE to assume a person that can lift up to 20 pounds occasionally and 10 pounds frequently, should avoid working with sharp instruments that could cause cuts, and is

2

limited to occasional postural changes. R. 482. The VE testified that such a person could not perform Plaintiff's past work. R. 483.

In the ALJ's decision, his finding regarding Plaintiff's Residual Functional Capacity includes a limitation on working with sharp instruments, yet he found Plaintiff could perform her past work as a cloth folder. R. 23. The Court concludes that Plaintiff cannot perform her past work. On remand, the ALJ shall consider step five of the sequential evaluation process to determine whether Plaintiff can perform other work that exists in the economy.

*3. Plaintiff's credibility*

The ALJ recited all the factors he was required to consider when assessing Plaintiff's credibility. However, in discounting Plaintiff's complaints of disabling pain and other symptoms, the ALJ only considered the objective medical evidence which concluded that Plaintiff got a good result from her cardiac surgery. The ALJ even acknowledged Plaintiff's good work history, which he said indicated her motivation to work. R. 23. The ALJ did not discuss Plaintiff's repeated visits to her doctors for chronic, recurring chest pain. R. 163, 169, 177, 179, 199, 211, 220, 268, 360, 346, 397, 411, 420-22. He also did not consider Plaintiff's testimony regarding her daily activities, in which she reported that she did not do laundry or clean, and that she did not drive anymore because she was too scared following surgery. R. 440. She also testified that her symptoms have made it difficult for her to sleep causing her to only get two hours of sleep a night, but the ALJ did not discuss this testimony in his credibility analysis. R. 438. On remand, the ALJ shall more fully consider the relevant factors set forth in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984).

*4. Failing to grant continuance*

Plaintiff's first hearing before the ALJ occurred on February 7, 2006, and she was

3

Case 4:08-cv-00500-ODS   Document 11   Filed 05/19/09   Page 3 of 5

not represented by counsel.[2]  Following the initial hearing, the ALJ ordered the additional consultative examination by Dr. Cohen.  On March 30, 2004, Plaintiff requested a supplemental hearing before the ALJ, and a hearing was scheduled for August 16, 2006.  On July 31, 2006, Plaintiff appointed Joan Deans to represent her.  On August 1, 2006, Ms. Deans faxed a motion for continuance of the hearing pursuant to 20 C.F.R. § 404.936(d) because she had entered her appearance within thirty days of the scheduled hearing.  R. 70.  Social Security Regulation 20 C.F.R. § 404.936(d) states that an objection may be made to the time of a hearing, and the ALJ will change the time for good cause.  One of the factors the ALJ shall consider in determining whether good cause exists to continue a hearing includes when the claimant's "representative was appointed within 30 days of the scheduled hearing and needs additional time to prepare for the hearing."  § 404.936(f)(2).

At the hearing, Geraldine Mims appeared in place of Ms. Dean, who was out of the country, and orally moved for a continuance.  Ms. Mims informed the ALJ that counsel had not even reviewed the Social Security file yet.  R. 451.  The ALJ denied the motion for a continuance.  He stated that the file was available and could have been copied by counsel, that the hearing was merely supplemental and was being held at the request of the Plaintiff, that Plaintiff had not contacted counsel in a timely manner, and that an opening in the hearing schedule was a valuable thing and should not be lost or wasted without a very good reason.  R. 452.  Ms. Mims did not cross-exam any of the witnesses and continued to object to the denial of a continuance.

The efficient administration of the hearing process is a valid consideration in deciding whether to change the time of a hearing.  20 C.F.R. § 404.936(f).  However, in light of Plaintiff's inability to speak English, and therefore to meaningfully represent herself at the hearing, as well as the ALJ's heavy reliance on the testimony of Dr. Gaeta, the Court concludes that the ALJ should have found good cause to continue the hearing.  On remand, a new hearing should be conducted and Plaintiff's counsel shall

---

[2] The ALJ informed Plaintiff of her right to be represented, but Plaintiff (through an interpreter) stated she could not find an attorney to represent her.  R. 432-33.

4

be given the opportunity to recall the testifying witnesses from the supplemental hearing.

    For these reasons, the Commissioner's final decision is reversed and the case is remanded for further proceedings consistent with this Order and Opinion.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: May 19, 2009 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, JUDGE<br>UNITED STATES DISTRICT COURT |